## J. S. KALAKIELA *v.* JAMES BICKNELL, AUDITOR OF THE CITY AND COUNTY OF HONOLULU.

Submission Upon Agreed Statement of Facts.

Submitted August 11, 1914.                Decided August 14, 1914.

Robertson, C.J., Quarles, J., and Circuit Judge Whitney in place of Watson, J.

Municipal Corporations—*civil service commission—appointments—compensation.*

Under section 2 of Act 51 of the Laws of 1913, the appointment of a clerk to the deputy sheriff by the sheriff of the city and county of Honolulu without the approval of the civil service commission is void, and, a person so attempted to be appointed is not entitled to the salary of the office though he has performed the duties thereof.

Same—*classification of positions—examinations.*

It is the duty of the civil service commission, under said Act, to classify the positions in the departments to which its functions relate and to adapt the examinations to which applicants are subjected to suit the different classes of positions to which appointments are sought. The appointing officer is not required to make an appointment from the list of eligibles furnished by the commission where it does not appear that such eligibles were examined with reference to their qualifications for the position sought to be filled.

OPINION OF THE JUSTICES BY ROBERTSON, C. J.

This is a submission upon agreed facts filed by the parties for the purpose of determining the validity of the plaintiff's claim for pay as clerk to the deputy sheriff of the city and

county of Honolulu under the circumstances set forth. It appears that on June 1, 1914, a vacancy existing in the position of clerk to the deputy sheriff, the sheriff appointed or attempted to appoint the plaintiff as such clerk "subject however to passing civil service examination," and, on June 3rd, notified the civil service commission to that effect. The plaintiff thereupon made application to the commission that he be permitted to take part in a competitive examination then being held, but the commission refused to allow him to take the examination on the ground that it was an examination for promotion only and not for the purpose of making a list of persons eligible to appointment. Since May 2, 1914, there has been a list containing the names of twenty-two persons who, having passed the examination required by the commission, were, as claimed by the commission, eligible for appointment to any position in the police department, and on June 8, the commission furnished the sheriff with a list of the names of the ten such persons who had made the highest percentages on said examination. No one whose name appeared on the eligible list made application for the vacant position, and in the opinion óf the sheriff no one of them was qualified to fill that position. The sheriff notified the commission to that effect. It also appears that the civil service commission has not classified the positions in the police department, there being but one general form and kind of examination as to qualifications of applicants for appointment. Applicants are required merely to state whether they desire to be examined for appointment in the police or fire department. On the other hand, the commission was not notified that a vacancy existed in the position of clerk to the deputy sheriff, or requested to hold an examination for applicants for that place until after the sheriff had appointed the plaintiff as above stated. The commission declared the purported appointment of the plaintiff to be null and void, and directed the sheriff to fill the vacancy by appointment of some person from the list of eligibles or of some person already holding a position in the police

department. The pay rolls for the police department for the first and second halves of the month of June, including the salary of the clerk of the deputy sheriff, were duly approved by the board of supervisors, but the defendant refused to issue warrants in payment thereof to the plaintiff.

Counsel for the plaintiff contend that in view of the facts that the civil service commission has not classified the positions in the police department, that there is no list of eligibles for clerkships in the department, that no one on the list of eligibles previously made up by the commission made application for appointment to the vacant clerkship, and that however well qualified may be the persons who had previously passed the examination to serve as policemen, none of them, in the opinion of the sheriff, were competent to fill the position in question, the sheriff was authorized to make the appointment, as he did, subject only to the appointee's passing an examination as to his qualifications; that the plaintiff, who has performed the services, is entitled to the salary of the office, and that the refusal of the commission to permit the plaintiff to take an examination should not deprive him of his right to the salary. On behalf of the defendant it is contended that none of the facts referred to are relevant to the issue; that as section 2 of Act 51 of the Laws of 1913 provides that no appointment in the police department shall be made without the approval of the commission, and as one of the rules (rule V) of the commission requires that upon the occurrence of a vacancy the appointing officer shall notify the commission thereof whereupon the commission shall certify to such officer not more than ten names from the eligible list, being those of the highest graded candidates, one of whom shall be appointed to fill the vacancy, the purported appointment was without authority and nugatory, and that the plaintiff, therefore, is not entitled to receive the salary demanded.

In *Kamahu* v. *Bicknell*, ante, p. 209, it was held that the authority of the civil service commission did not extend to the making of a rule requiring competitive examinations for the

promotion of persons in the service of the police department, and Mr. Justice Quarles, speaking for the court, said (p. 215) "We are of the opinion that the word 'approval' as used in section 2 relates only to applicants desiring to enter the service, and that such approval is evidenced by the commission passing an applicant on examination and placing his name upon the list of eligibles for appointment." Also, "we are of the opinion that the commission has power, under the statute, to classify positions in the service, and to hold examinations for each and all classes." We are prepared to go further and to hold that it is the duty of the commission to classify the different positions in the departments to which its functions relate and to frame its examinations to suit the different classes, although the language of section 3 of the statute is that the rules and regulations "may" provide for the classification of positions and for a special course of inquiry and examination for candidates for each class. The provision was intended to be mandatory. It is to be noted that the same section requires that the rules "shall provide for a competitive examination of all applicants in such subjects as shall be proper for the purpose of best determining their qualifications for the positions sought." It is obvious that an efficient policeman might be absolutely incompetent to fill a clerkship, and *vice versa.* From the fact that an applicant has shown his qualifications for a patrolman it does not follow that he would make a competent captain of police, clerk or stenographer. This is recognized in the rules of the commission. Thus, in section 2 of rule III, it is provided that "Examinations shall be of such a character and relate to such matters as will fairly test the capacity and fitness of the persons to discharge the duties of the position to which they seek to be appointed;" in section 1 of rule XI, it is provided that applicants who pass the physical and mental examination shall then be examined "in writing, spelling, arithmetic, the English language, and such other practical questions relating to the position sought by the applicant, as shall be deemed advisable by

the commission;" and section 1 of rule IV provides that "The commission shall, as soon as possible after every examination, prepare and keep open to public inspection the list of persons with their percentages, who have passed the examination and who are eligible for appointment to the position or class of positions for which the examination was held." Provisions such as these are necessary to properly effectuate the object of the statute to secure the appointment of competent persons irrespective of their political partisanship. While it is doubtless true that the sheriff would not be heard to say that in his opinion a certain applicant certified by the commission as being competent to fill a given position was incompetent, yet in this case we think he was justified in refusing to select for the vacant clerkship a person from the list of eligibles submitted by the commission for the reason that the positions had not been classified and it did not appear that any of those whose names were on the commission's eligible list were applicants for a clerkship or had been examined with reference to their competency for such position. We hold, however, that the purported appointment of the plaintiff, having been made without the approval of the commission, was in contravention of section 2 of the statute, and void. It was the duty of the sheriff to notify the commission that the vacancy existed and request that an examination for applicants for the position be held. The sheriff was without authority to make the appointment subject to the subsequent passing by the appointee of such examination as he would be required to take. Presumably the commission could be compelled, in a proper proceeding for that purpose, to hold an examination for applicants for the vacant clerkship, but the attempted appointment of the plaintiff being void he is not entitled to recover compensation as here claimed. Judgment may be entered for the defendant.

*Thompson, Wilder, Milverton & Lymer* for plaintiff.

*P. L. Weaver, First Deputy City and County Attorney,* for defendant.